JOHNSON, J.
would grant the writ application and assigns reasons.
L Defendant, Kendall Tate, is charged with one count of possession of a firearm by a felon, one count of aggravated assault with a firearm, and one count of possession of a firearm with an obliterated serial number. Defendant filed a motion to suppress evidence of the firearm alleging the affidavit used to procure the search warrant included false statements that were either knowingly and intentionally made, or made with reckless disregard for the truth.
“A person is constitutionally protected against unreasonable search and seizure of his house, papers, and effects. Thus, a search and seizure of such shall only be made upon a warrant issued on probable cause, supported by oath or affirmation, and particularly describing the place to be searched and thing(s) to be seized. U.S. Const. amend. IV; La. Const. art. I, § 5 (1974).” State v. Casey, 99-0023 (La. 1/26/00), 775 So.2d 1022, 1027. The affidavit used to obtain the search warrant in this case contained numerous inaccurate and/or false statements. This court has long recognized that “when faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. If, however, the misrepresentations were intentionally made, a different result is required. Because Uthese distorted statements constitute a fraud upon the courts and represent impermissible overreaching by the government, a warrant based on an affidavit containing intentional misrepresentations must be quashed.” State v. Rey, 351 So.2d 489, 492 (La. 1977).
Here, the district court denied defendant’s motion to suppress but did not make a specific determination as to whether the false statements in the affidavit were made intentionally. However, I find that it makes no practical difference in this case whether or not the false statements were made intentionally. Even if the false statements were negligently made, after excising the false statements from the affidavit, what remains fails to provide probable cause for the issuance of the search warrant. Thus, the end result is the same— either the warrant should have been quashed or the evidence should have been suppressed.
For these reasons, I would grant defendant’s writ application.